ERNESTO FERNANDO SCHLÜTER, ETC., Plaintiff and Appellant
v. ZENÓN DÍAZ, Defendant and Appellant.

No. 4602.  Argued June 20, 1929.—Decided February 12, 1930.

*E. Campos del Toro,* for plaintiff and appellant. *R. Martínez Nadal,* for defendant and appellant.

Mr. JUSTICE HUTCHISON delivered the opinion of the court.

On October 2, 1926, Ernesto Fernando Schlüter, doing business under the firm name of Schlüter & Company, Successor, brought an action on forty-five promissory notes described in the complaint, aggregating (with interest alleged to have accrued thereon at 12 per cent to September 30, 1926) a total of $7,661.45.

Plaintiff admitted having received on account from defendant $4,600.00 as follows:

| | |
|---|---|
| July 7, 1924 | $2,000.00 |
| June 18, 1925 | 1,500.00 |
| June 29, 1926. | 1,100.00 |

The prayer was for a balance of $2,770.18 and interest thereon at 12 percent from September 30, 1926 until paid, with costs and attorneys' fees.

The notes were alleged to represent the value of fertilizer sold and delivered by plaintiff to defendant.

Defendant alleged among other things that the total amount of his indebtedness to plaintiff was $6,578.29, and that since May 31, 1923 defendant had paid in checks the sum of $5,926 leaving a balance due of $652.29 which defendant was ready to pay.

In an amended complaint plaintiff alleged that he was the holder of thirty-five promissory notes, describing them. Among them were two notes not mentioned in the original complaint and twelve of the 45 notes described in the original complaint were omitted. The principal of the two notes omitted from the original complaint and included in the amended complaint was $272.80. Instead of one of the

twelve notes (which represented the purchase price of a ton of fertilizer) there was an averment as to the sale and delivery of the fertilizer. The total amount of the other eleven notes corresponded approximately to the item of $2,000, the first of the four credits in the original complaint. This credit of two thousand dollars did not appear in the amended complaint.

Both parties appeal from a judgment in favor of plaintiff for $1,746, with interest at twelve per cent from September 30, 1926. Defendant did not appear at the hearing before this court and has not filed a brief.

At the trial plaintiff introduced in evidence the thirty-five notes listed in the amended complaint and established the sale of a ton of fertilizer for which he said no note had been given. Defendant introduced five checks amounting to a total of something more than $5,926. Plaintiff admitted the receipt of this amount, but insisted that only $2,600 was paid on the thirty-five notes.

Plaintiff, while on the stand as a witness, insisted that the eleven notes omitted from the amended complaint, together with others, not mentioned in either complaint, had been returned to defendant upon payment of the various amounts for which no credit was allowed in the amended complaint.

Defendant testified that he had never received from plaintiff any fertilizer other than that covered by the notes described in the original complaint, that this complaint set forth the correct amount of his total indebtedness, and that none of the notes had ever been returned to him.

The trial judge held that the account kept by plaintiff as indicated by the two complaints did not afford any satisfactory basis for a decision. He decided the conflict in the testimony in favor of defendant and rendered judgment for the difference between the total amount paid by defendant and the amount claimed in the original complaint.

During the course of the trial plaintiff made several un-

successful attempts to introduce his books in evidence. In each instance defendant objected that the books were "self-serving evidence" and the objection was sustained by the court.

No foundation was laid for the admission of the books. No effort was made to enlighten the court as to the modern status of the rule that "a man can not make evidence for himself." There was no offer to show the original, contemporaneous or regular character of the entries in question. There was nothing whatever to indicate how the books were kept. The books were not even identified, nor presented to the witness for identification.

There is no magic in the phrase "self-serving evidence", so frequently invoked by counsel as though it were a cantrip to avert the introduction of any documentary evidence "made" by one who subsequently becomes a party. In the instant case, however, we find no reversible error in the rulings complained of.

The brief for appellant presents a strong argument on the facts. Certainly there could have been no hesitation in affirming a judgment for a somewhat larger amount. The argument for appellant, however, is based on the testimony of plaintiff in connection with certain circumstances which do not necessarily exclude the theory of defendant and of the trial judge as a reasonable hypothesis. There are other circumstances which were never satisfactorily explained by plaintiff, which lead to confusion and doubt as to the validity of his claim to a larger amount, and which tend to support the conclusion reached by the trial judge.

There were but two witnesses before the trial court. The case was not hastily decided. The trial was had on June 30. At the close of the evidence plaintiff was given three days in which to file a memorandum and defendant another three days in which to reply. Judgment was rendered on October 25. Later in a motion for the reconsideration of that judgment plaintiff submitted to the district court

practically the same questions now raised on appeal. That motion was denied.

We find no such manifest error in the weighing of the evidence as to require a reversal.

The district court awarded costs and disbursements to plaintiff, but excluded therefrom attorneys' fees. The failure to include attorneys' fees and the award of costs is assigned as error. In this we find no abuse of discretion.

The judgment appealed from must be affirmed.